# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.7844
cball@jonesday.com

July 7, 2023

<u>VIA ECF</u>

The Honorable Laura Taylor Swain
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

                      Re:    <u>Case No. 23-05751-LGS</u>

Dear Chief Judge Swain:

      We are writing to you in your capacity as a member of the Assignments Committee pursuant to Rule 2 of the Rules for the Division of Business Among District Judges, Southern District of New York. We are counsel to the Roman Catholic Diocese of Rockville Centre, NY (the "DRVC"), in its chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 20-12345-MG.

      The above-captioned matter is a motion, pursuant to 28 U.S.C. § 157(b)(5), to transfer 224 personal injury cases related to the DRVC's chapter 11 case to this District (the "Motion"). Section 157(b)(5) empowers the District Court to transfer such cases to the District where the bankruptcy case is pending, for resolution in coordination with the bankruptcy case. *See In re Pan Am. Corp.*, 16 F.3d 513, 516 (2d Cir. 1994). Such a "transfer motion should be made to the district court in the district where the bankruptcy is proceeding." *Id.*

      The DRVC, along with parishes within the DRVC and other affiliated entities, filed the Motion in this Court on July 5, 2023. However, on July 6, 2023, the Motion was referred to the Bankruptcy Court. We understand this referral was automatically made pursuant to this Court's Standing Order of Reference Re: Title 11, dated January 31, 2012.

      We believe that the automatic reference of this matter to the Bankruptcy Court was in error, as the statutory text, case law from the Second Circuit, and the general understanding of Section 157(b)(5) all mandate that only the District Court can determine venue for personal injury claims related to a bankruptcy case.

      For example, the statute provides that the District Court must determine whether to transfer personal injury cases: "[t]he *district court* shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Laura Taylor Swain
July 7, 2023
Page 2

court in the district in which the claim arose, *as determined by the district court* in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5) (emphasis added).

Accordingly, the Second Circuit has held that a motion under Section 157(b)(5) "should be made to the *district court* in the district where the bankruptcy is proceeding."  *Pan Am.*, 16 F.3d at 516.  Applying *Pan Am*, the Second Circuit held in *In re United States Lines, Inc.*, 216 F.3d 228 (2d Cir. 2000), that a "bankruptcy court lack[s] the power to set venue under Section 157(b)(5)" because "[t]here is nothing in the language of Section 157(b)(5) to suggest that a bankruptcy court can determine venue."  *Id.* at 235.

Precedent from other jurisdictions also confirms that the determination of a Section 157(b)(5) motion can be made only by a District Court.  *See, e.g.*, *In re Dow Corning Corp.*, 86 F.3d 482, 487 (6th Cir. 1996) (noting that the District Court decided the motion).  And commentators also have uniformly observed that Section 157(b)(5) requires the District Court to make the determination as to venue for personal injury cases.  *See* 1 Collier on Bankruptcy ¶ 3.06 (16th ed. 2023) ("Section 157(b)(5) provides that the venue of the PITWD trial is to be determined by the district court in which the title 11 case is pending."); *id.* at ¶ 3.06 n.17 ("This language means that venue cannot be set by a bankruptcy court.").  Indeed, the DRVC is not aware of any Section 157(b)(5) motion that has been decided by a Bankruptcy Court.

Such an approach, moreover, makes sense, given that only the District Court has jurisdiction to hear and determine the personal injury actions that are the subject of the Section 157(b)(5) motion.  *See* 28 U.S.C. § 157(b)(2)(B)(O) ("personal injury tort or wrongful death claims" are not core matters for which the Bankruptcy Court has jurisdiction to enter final judgment).

In light of the foregoing, the DRVC believes that the Motion should not have been automatically referred to the Bankruptcy Court pursuant to this Court's Standing Order.  The DRVC respectfully requests that this Court reopen Case No. 23-05751-LGS so that the Motion may be heard by the District Court.

Respectfully submitted,

*/s/ Corinne Ball*

Corinne Ball

Cc:
The Honorable Lorna G. Schofield
The Honorable Martin Glenn
The Honorable Sarah L. Cave