# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK**, [1] | Civ. Action 23 Civ. 5751 |
| **Debtor**. | Bankr. Case No. 20-12345(MG) |

## MEMORANDUM OF LAW IN SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR RECONSIDERATION OF ORDER <u>WITHDRAWING REFERENCE OF PETITION TO THE BANKRUPTCY COURT</u>

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq.
Kenneth H. Brown, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
Hayley R. Winograd, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777

*Counsel for the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of Rockville Centre, New York*

---

[1] The Debtor in the chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT ..................................................................... 1

II.    RELEVANT BACKROUND ........................................................................ 2

    A.    The Bankruptcy Case and Relevant History ........................................... 2

    B.    The Bankruptcy Court Denies Debtor's Motion to Enjoin the Non-Debtor Actions ................................................................................... 3

    C.    The Non-Debtor Parties (i) Remove the Non-Debtor Actions to the District Court and (ii) With the Diocese, File Separate Motion to Transfer Those Actions to This Court ....................................................... 4

    D.    The Debtor Files the Ex Parte Motion to Withdraw and the Reference is Withdrawn ........................................................................................... 5

    E.    The Eastern District Remands 42 Non-Debtor Actions .......................... 5

III.    ARGUMENT ............................................................................................... 6

    A.    Legal Standard ....................................................................................... 6

    B.    The Court Should Reconsider its Withdrawal Order .............................. 7

    C.    On Reconsideration, the Court Should Deny the Motion to Withdraw in Part ........................................................................................................ 7

        1.    The Bankruptcy Court Has Authority to Issue a Report and Recommendation ......................................................................... 7

        2.    There is No Basis to Withdraw the Reference .......................... 8

IV.    CONCLUSION ........................................................................................... 10

<u>**TABLE OF AUTHORITIES**</u>

**CASES**

*Aczel v. Labonia*,
   584 F.3d 52 (2d Cir. 2009) ................................................................. 6

*Dow Corning Corp.*,
   103 F.3d 129 (6th Cir. 1996) ............................................................. 8

*In re Child Victims Act Cases Removed from State Court*,
   No. 23-5029(GRB), 2023 U.S. Dist. LEXIS 139687 (E.D.N.Y. Aug. 10, 2023)...................... 2

*In re Dow Corning Corp.*,
   Case No. 95-20512, 1995 Bankr. LEXIS 1123 (Bankr. E.D. Mich. Aug. 9, 1995) .................. 8

*In re Enron Corp.*, 05 CIV. 4079 (GBD),
   2005 U.S. Dist. LEXIS 9548 (S.D.N.Y. May 18, 2005) ........................................ 10

*In re Enron Power Mktg., Inc.*,
   No. 01 Civ. 7964, 2003 U.S. Dist. LEXIS 189 (S.D.N.Y. Jan. 8, 2003)................................... 8

*In re Extended Stay, Inc.*,
   466 B.R. 188 (S.D.N.Y. 2011)............................................................8, 9, 10

*In re Jemsek*,
   06-31986, 2007 WL 1360867 (W.D.N.C. May 7, 2007)......................................... 8

*In re Pan Am. Corp.*,
   950 F.2d 839 (2d Cir. 1991) ............................................................. 9

*In re Roman Cath. Diocese of Rockville Ctr., New York*,
   651 B.R. 622 (Bankr. S.D.N.Y. June 1, 2023) ............................................. 3

*In re Wedtech Corp.*,
   94 B.R. 293 (S.D.N.Y.1988)............................................................. 10

*Lego A/S v. Best-Lock Constr. Toys, Inc.*,
   319 F.R.D. 440 (D. Conn. 2017) ......................................................... 7

*Libertas Funding, LLC v. ACM Dev., LLC*,
   No. 22-CV-00787 (HG) (MMH), 2022 U.S. Dist. LEXIS
   184214 (E.D.N.Y. Oct. 7, 2022)......................................................... 9

*Podkolzin v. Amboy Bus Co.*,
   402 B.R. 539 (E.D.N.Y. 2009) .......................................................... 9

*Porges v. Gruntal & Co. (In re Porges)*,
   44 F.3d 159 (2d Cir. 1995) ............................................................. 9

*SimplexGrinnell LP v. Integrated Systems & Power, Inc.*,
   642 F.Supp.2d 206 (S.D.N.Y. 2009) ..................................................... 6

*Taylor v. Strongbuilt Int'l, Inc. (In re Strongbuilt Inc.)*,
   Nos. 03-31317, 09-30633, 09-3006, 2009 Bankr. LEXIS 4303
   (Bankr. W.D. La. Nov. 9, 2009) ........................................................ 8

*Tilton v. MBIA Inc.*,
  620 B.R. 707 (S.D.N.Y. 2020)..................................................................................... 9

**STATUTES**

28 U.S.C. § 1334(b) .................................................................................................... 4

28 U.S.C. § 1334(c) .................................................................................................... 9

28 U.S.C. § 157(a) ...................................................................................................... 7

28 U.S.C. § 157(b)(5) .......................................................................................... passim

28 U.S.C. § 157(d) ...................................................................................................... 8

**RULES**

Fed. R. Bank. P. 5011 ................................................................................................. 9

Loc. Civ. R. 6.3 .......................................................................................................... 6

DOCS_NY:48268.5 18491/002

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Rockville Centre, New York, the above-captioned debtor and debtor in possession (the "Diocese" or the "Debtor"), submits this memorandum of law in support of its *Motion for Reconsideration of Order Withdrawing Reference of the Petition to the Bankruptcy Court* (the "Motion").

## I.    PRELIMINARY STATEMENT[2]

The Petition, seeking to transfer 224 state court actions that seek relief only against the Non-Debtor Parties to this Court, was properly referred to the Bankruptcy Court pursuant to the Court's Order of Reference.[3] The Debtor filed an *ex parte* letter-motion, incorrectly informing the Court that referral to the Bankruptcy Court was made in "error" and moving for a withdrawal of the reference. The Committee was denied the opportunity to be heard prior to the entry of the Withdrawal Order, and requests that this Court refer the Petition to the Bankruptcy Court for a report and recommendation in order to promote judicial economy and uniform administration of bankruptcy law. While the Committee does not dispute that this Court must determine the Petition under 28 U.S.C. § 157(b)(5),[4] the Bankruptcy Court possesses authority to issue a report and recommendation. The Debtor offers no support for not allowing the Bankruptcy Court to provide its input to this Court by a report and recommendation.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed thereto below.

[3] For any avoidance of doubt, this Motion does not address the Committee's arguments in opposition to the Petition on the merits. No briefing schedule has been set for the Petition pending this Court's ruling on the relief set forth in this Motion, which seeks to withdraw the reference so the Bankruptcy Court can issue a report and recommendation on the Petition only after briefing on the Petition is complete.

[4] "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

DOCS_NY:48268.5 18491/002

The Bankruptcy Court is best positioned to evaluate the complex bankruptcy issues presented by the Petition, such as whether Section 157(b)(5) is properly invoked to transfer cases not naming the Debtor, or whether the Non-Debtor Parties should be afforded a "second bite of the apple" at removing cases from state court that have been remanded by the Eastern District. If Section 157(b)(5) applies, the Bankruptcy Court, familiar with the three-year record in this case, should initially evaluate the merits of the Petition. The Bankruptcy Court is well-versed in the issues relevant to the Petition, including the degree of relatedness between the Non-Debtor Actions and the Bankruptcy Case and whether these cases will (or will not) impact the Bankruptcy Case. These issues were at the heart of the Bankruptcy Court's recent PI Order, which denied the Debtor's motion to enjoin prosecution of the Non-Debtor Actions because they are not "inextricably intertwined" with the Bankruptcy Case. Referral will allow the Bankruptcy Court to evaluate Petitioners' motivations in bringing the Petition—to delay the Survivors and force them into federal court with a stricter pleading standard—and deter Petitioners from flouting the Bankruptcy Court's previous holdings by "slinging arguments" that have been rejected.[5] The Court should refer the Petition to the Bankruptcy Court to issue a report and recommendation subject to this Court's *de novo* review.

## II.     RELEVANT BACKGROUND

### A.     The Bankruptcy Case and Relevant History

On October 1, 2020, the Diocese filed a voluntary petition for relief under chapter 11 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

---

[5] In its August 11, 2023 opinion remanding all 42 cases assigned to it (all subject to the Petition), Judge Brown of the Eastern District called out the Non-Debtor Parties for doing exactly that in opposing remand of the Non-Debtor Actions. *In re Child Victims Act Cases Removed from State Court*, No. 23-5029(GRB), 2023 U.S. Dist. LEXIS 139687 (E.D.N.Y. Aug. 10, 2023) (the "Remand Order").

Court") in the wake of hundreds of lawsuits filed by survivors (the "Survivors") of sexual abuse.[6] There are approximately 500 state court actions pending against the Debtor and its affiliates (the "Non-Debtor Parties"). The Debtor is not a defendant in 228 of those cases (the Non-Debtor Actions").[7] In March 2023, the Committee sought to dismiss the Bankruptcy Case. [Bankr. Docket No. 1912][8] (the "Motion to Dismiss"). In July 2023, the Bankruptcy Court denied the Motion to Dismiss without prejudice, indicating it may dismiss the Bankruptcy Case if the Debtor and the Committee do not agree on the terms of a plan by October 31, 2023.[9]

**B.**     **The Bankruptcy Court Denies Debtor's Motion to Enjoin the Non-Debtor Actions**

For the first two years of the Bankruptcy Case, the Committee agreed to stay the Non-Debtor Actions to facilitate a global mediation of the Bankruptcy Case. In January 2023, after mediation efforts hit an impasse, the Committee withdrew its consent to the stay of the Non-Debtor Actions.[10] In April 2023, the Bankruptcy Court held a hearing on the Debtor's motion for a preliminary injunction[11] (the "PI Motion"), in which the Debtor sought to enjoin the prosecution of the Non-Debtor Actions.[12] The Bankruptcy Court denied the PI Motion, concluding that the prosecution of the Non-Debtor Actions would not adversely impact the Bankruptcy Case.[13] The Bankruptcy Court found that (i) the prosecution of the Non-Debtor Actions would not dissipate

---

[6] A full history of the bankruptcy proceedings is described the Bankruptcy Court's order denying the Debtor's motion for a preliminary injunction, discussed *infra*. *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622 (Bankr. S.D.N.Y. June 1, 2023) (the "PI Order").

[7] Related proofs of claim (the "Proofs of Claim") were filed against the Debtor by the plaintiffs in the Non-Debtor Actions.

[8] Refers to the docket maintained in the Bankruptcy Case.

[9] [Bankr. Docket No. 2329].

[10] [Adv. No. 20-01226-mg, Docket No. 166].

[11] *Id.* at Docket No. 127.

[12] *Id.* at Docket No. 197.

[13] PI Order, 651 B.R. at 668-69.

shared insurance proceeds, lead to indemnification claims, inconsistent judgments, collateral estoppel or *res judicata*;[14] (ii) there is no "identity of interest" between the Debtor and the Non-Debtor Parties;[15] (iii) there is no imminent risk of harm to the Debtor's estate resulting from adverse legal rulings in the Non-Debtor Actions;[16] (iv) the Non-Debtor Actions and the Proofs of Claim are not "inextricably intertwined";[17] and (v) delaying the Survivors' rights to try their cases in State Court would cause grave harm to the Survivors.[18] The Bankruptcy Court expressed doubt on the Debtor's chances of reorganization, given failed mediation efforts.[19]

**C.** **The Non-Debtor Parties (i) Remove the Non-Debtor Actions to the District Court and (ii) With the Diocese, File Separate Motion to Transfer Those Actions to This Court**

Within days of the stay expiring under the PI Order, the Non-Debtor Parties started filing Notices of Removal, removing most of the Non-Debtor Actions to the United States District Court for the Eastern District of New York (the "Eastern District") and a few to this Court, invoking "related to" jurisdiction under 28 U.S.C. § 1334(b). The Survivors filed remand motions. Meanwhile, on July 5, 2023, the Diocese and the Non-Debtor Parties (together, the "Petitioners") filed their transfer petition [Docket No. 2][20] (the "Petition"), seeking to transfer the Non-Debtor Actions to this Court pursuant to 28 U.S.C. § 157(b)(5) on the same grounds rejected by the Bankruptcy Court in denying the PI Motion—that the Non-Debtor Actions and the Proofs of Claim are "inextricably intertwined." Petition at 3. Petitioners contend that the relief sought in the

---

[14] *Id.* at 649-58.

[15] *Id.* at 647-49.

[16] *Id.* at 664-66.

[17] *Id.* at 659.

[18] *Id.* at 665-66.

[19] *Id.* at 653.

[20] Refers to the docket maintained in this Court.

DOCS_NY:48268.5 18491/002

Petition is "related" to the Bankruptcy Case. [Docket No. 6]. The next day, the Petition was referred to the Bankruptcy Court pursuant to this Court's Order of Reference. [Docket No. 8].

**D.**   **The Debtor Files the Ex Parte Motion to Withdraw and the Reference is Withdrawn**

On July 7, 2023, the Debtor filed an ex parte "letter-motion" with this Court, incorrectly stating that the Petition was referred to the Bankruptcy Court in "error" and requesting withdrawal of the Petition. [Docket No. 9] ("Motion to Withdraw") at 1.[21]  The Debtor did not serve the Motion to Withdraw on counsel for the Committee or counsel for the plaintiffs in the Non-Debtor Actions, and the Committee had no opportunity to be heard. The Debtor ignored the rules governing general motion practice or motions for withdrawal. [22]  On July 13, 2023, the Motion to Withdraw was granted and the Petition was withdrawn to this Court. [Docket No. 10] ("Withdrawal Order").

**E.**   **The Eastern District Remands 42 Non-Debtor Actions**

On August 11, 2023, Judge Brown of the Eastern District entered the Remand Order, remanding 42 Non-Debtor Actions.[23] He found that by filing the Notices of Removal immediately after entry of the PI Order, the Non-Debtor Parties "deploy[e]d procedural devices to scuttle plaintiffs' opportunity to have their cases heard," and "flouted previous decisions by slinging arguments considered and rejected by the Bankruptcy Court." 2023 U.S. Dist. LEXIS 139687, at *7. Judge Brown rejected the Non-Debtor Parties' request to defer decision on the remand motions pending the Petition as a "dubious procedural device[]," calling such "excessive litigative

---

[21] The Motion to Withdraw was filed with the Chief Judge Laura Taylor Swain.

[22] *See* Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (permitting letter-motions only for certain non-dispositive matters not applicable here); Rule 5011-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York ("L.B.R.") (requiring a motion for withdrawal of the reference to be filed with the Clerk of the Bankruptcy Court, which will "transmit the motion and supporting documents to the District Court"); LBR 9013-1(b) ("notice of a motion shall be given to any entity believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.")

[23] Finding "Judge Brown's decision persuasive," on August 17, 2023, Judge Azrack of the Eastern District entered an order remanding another 58 Non-Debtor Actions. Case 2:23-cv-05064-JMA-AYS, Docket No. 16.

wrangling" "unconscionable." *Id.* at *1, 14. Judge Brown questioned the Non-Debtor Parties' "moral standing" in bringing the Petition and Removal Notices, explaining, "[h]ow can removing 224 cases from the state court system, resulting in their reassignment to 17 district judges in this court, engendering thousands of individual filings, all in the hopes of having the cases transferred to yet another court be deemed an "efficiency"? *Id.* at *13. Judge Brown also doubted that the Debtor is "'steadfast in their commitment to provide equitable compensation to abuse claimants,'" observing, "the proceedings requires one to consider whether the lengthy delays, procedural meanderings and the stratagems adopted by Diocese's outside counsel serve or undermine these objectives." *Id.* at *2 n. 3. Judge Brown characterized the history of the Bankruptcy Case as "labyrinthian," *id.* at *2, noting that Petitioners' legal maneuvers imposed "incalculable human cost" and "staggering" economic costs, *id.* at *13 n. 15.[24]

### III.  ARGUMENT

### A.  Legal Standard

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Loc. Civ. R. 6.3.  Reconsideration is appropriate to prevent manifest injustice, or where the Court overlooked certain matters that may have reasonably altered the Court's ruling. *SimplexGrinnell LP v. Integrated Systems & Power, Inc.*, 642 F.Supp.2d 206, 210 (S.D.N.Y. 2009).  The decision to grant or deny a motion for reconsideration is "within the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

---

[24] The Debtor has spent over $70 million in professional fees in the Bankruptcy Case.

**B.**     **The Court Should Reconsider its Withdrawal Order**

Reconsideration of the Withdrawal Order is compelled to prevent injustice and clear error. The Committee had no opportunity to respond to the Motion to Withdraw before entry of the Withdrawal Order.  The Motion to Withdraw should be adjudicated on the merits after the Court considers the Committee's arguments in opposition thereto, which could reasonably alter the Court's Withdrawal Order.  *See Lego A/S v. Best-Lock Constr. Toys, Inc.*, 319 F.R.D. 440, 454 (D. Conn. 2017) (granting motion for reconsideration and addressing movant's "arguments opposing" [motion] in full" where the movant previously had no opportunity to respond).  The Court should consider the Committee's arguments opposing the Withdrawal Motion, discussed below.

**C.**     **On Reconsideration, the Court Should Deny the Motion to Withdraw in Part**

**1.**     **The Bankruptcy Court Has Authority to Issue a Report and Recommendation**

The Petition should be referred to the Bankruptcy Court to issue a report and recommendation subject to *de novo* review by this Court.  Under 28 U.S.C. § 157(a), district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district.  The Court properly referred the Petition—a "related to" proceeding—to the Bankruptcy Court pursuant to the Court's Order of Reference.  The Order of Reference automatically refers any and all cases arising under title 11, arising in a bankruptcy case or related to a bankruptcy case to the Bankruptcy Court.  The Order of Reference further permits the Court to refer proceedings to the Bankruptcy Court to submit "proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgement consistent with Article III of the United States Constitution." The Bankruptcy Code and the Order of Reference authorize the reference of the Petition to the Bankruptcy Court to issue proposed findings of fact and conclusions of law. The

Debtor offers no support for its contention that the reference was "in error," other than citing to case law standing for the undisputed proposition that district courts shall "*determine*" transfer under section 157(b)(5). Motion to Withdraw at 2. While the Committee does not contest that this Court should issue any final order that *determines* whether the Petition should be granted, it is beyond dispute that this Court can refer the Petition to the Bankruptcy Court for a report and recommendation.[25]

### 2.        There is No Basis to Withdraw the Reference

Mandatory withdrawal is warranted only if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *see also In re Extended Stay, Inc.*, 466 B.R. 188, 196 (S.D.N.Y. 2011) (same). The Petition does not implicate non-title 11 laws or activities affecting "interstate commerce." Mandatory withdrawal is inapplicable.  "Cause" for permissive withdrawal also does not exist. 28 U.S.C. 157(d) provides "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this Section … for cause shown."  In deciding whether "cause" exists, district courts consider judicial efficiency, prevention of forum shopping, uniformity in the administration of bankruptcy law, and the bankruptcy court's familiarity with the litigation.[26] These factors weigh against withdrawal. Referral to the Bankruptcy Court for a report and recommendation will promote judicial economy and a uniform application of bankruptcy law. The Petition raises complex issues of bankruptcy law, such as (i)

---

[25] *See Dow Corning Corp.*, 103 F.3d 129, at *1 (6th Cir. 1996) (discussing report and recommendation issued by bankruptcy court, *In re Dow Corning Corp.*, Case No. 95-20512, 1995 Bankr. LEXIS 1123 (Bankr. E.D. Mich. Aug. 9, 1995), recommending denial of transfer under section 157(b)(5)); *Taylor v. Strongbuilt Int'l, Inc. (In re Strongbuilt Inc.)*, Nos. 03-31317, 09-30633, 09-3006, 2009 Bankr. LEXIS 4303, at *6 (Bankr. W.D. La. Nov. 9, 2009) (issuing report and recommendation on transfer under Section 157(b)(5)); *In re Jemsek*, 06-31986, 2007 WL 1360867, at *2-4  (W.D.N.C. May 7, 2007) (adopting report and recommendation on issues central to Section 157(b)(5)).

[26] *See Extended Stay*, 466 B.R. at 197-98; *In re Enron Power Mktg., Inc.,* No. 01 Civ. 7964, 2003 U.S. Dist. LEXIS 189, at *19-23 (S.D.N.Y. Jan. 8, 2003).

whether Section 157(b)(5) applies to litigation that does not name the debtor,[27] and (ii) whether Petitioners can use the statute to re-remove the Non-Debtor Actions that were remanded by the Eastern District.  The Bankruptcy Court is well-versed in specialized bankruptcy issues and should initially evaluate the propriety of invoking Section 157(b)(5).[28] The Petition also requires an analysis of issues with which the Bankruptcy Court is familiar. If Section 157(b)(5) applies, the Petition will require an abstention analysis.[29] The heart of the abstention analysis is (i) the degree of relatedness or remoteness between the Non-Debtor Actions and the Bankruptcy Case;[30] (ii) whether Petitioners are forum shopping;[31] (iii) the likelihood of the Case being dismissed;[32] and (iv) whether there is any scenario—a confirmed plan or dismissal of the Bankruptcy Case—in which the Non-Debtor Actions would proceed in federal court.

The Bankruptcy Court is familiar with the "labyrinthian" history of the Bankruptcy Case, and its orders on the PI Motion and Motion to Dismiss are just two examples.[33] It has considered the Debtor's arguments on the alleged interrelatedness between the Non-Debtor Actions and the Bankruptcy Case, and understands the likelihood of the Bankruptcy Case being dismissed. The Bankruptcy Court's initial evaluation of the Petition will be invaluable to this Court in

---

[27] As the Committee will demonstrate in opposition to the Petition, it does not. *See* Section 157(b)(2) (non-core claims include "personal injury tort or wrongful death claims *against the estate*").

[28] *See Extended Stay*, 466 B.R. at 207 ("Allowing the bankruptcy courts to consider complex questions of bankruptcy law before they come to the district court … promotes a more uniform application of bankruptcy law.")

[29] *See In re Pan Am. Corp.*, 950 F.2d 839, 844 (2d Cir. 1991). Bankruptcy judges are "best position[ed]" to evaluate abstention under 28 U.S.C. 1334(c). *See* Fed. R. Bank. P. 5011, Advisory Committee Notes to Subdivision (b).

[30] *See Podkolzin v. Amboy Bus Co.*, 402 B.R. 539, 544 (E.D.N.Y. 2009).

[31] *See Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-00787 (HG) (MMH), 2022 U.S. Dist. LEXIS 184214, at *8 (E.D.N.Y. Oct. 7, 2022); *Tilton v. MBIA Inc.*, 620 B.R. 707, 716-17 (S.D.N.Y. 2020).

[32] If the Bankruptcy Case is dismissed, "related-to" jurisdiction will be extinguished and the Non-Debtor Actions would be dismissed and remanded to state court. *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162 (2d Cir. 1995).

[33] Remand Order, 2023 U.S. Dist. LEXIS 139687, at *11 n. 12 ("the Bankruptcy Court issued more than a dozen reported opinions…mainly in response to procedural barriers erected by the Diocese.")

9

understanding (i) whether prosecution of the Non-Debtor Actions will affect the Bankruptcy Case; (ii) whether Petitioners are flouting the Bankruptcy Court's rulings by "slinging arguments" the Bankruptcy Court has already rejected; (iii) the status of the Bankruptcy Case and its likelihood of dismissal; and (iv) if a consensual plan is confirmed, the extent to which any of the Non-Debtor Actions could proceed. This would promote the Court's efficient adjudication of the Petition.[34] The Bankruptcy Court also is best positioned to evaluate whether Petitioners are forum shopping. Petitioners are misusing the bankruptcy and the Petition to delay Survivors' right to a jury trial in state court and force the Survivors into federal court, which has imposed stricter pleading standards than state court.[35] In seeking withdrawal, Petitioners try to avoid the Bankruptcy Court's input on (i) the degree of "relatedness" between the Non-Debtor Cases and the Bankruptcy Case and (ii) Petitioners' forum shopping motivations in bringing the Petition in the first place—critical factors in ruling on the Petition. The Petition is yet another one of Petitioners' "dubious procedural devices" to deprive the Survivors of their day in court, and no one is closer to these issues than the Bankruptcy Court.

## IV. <u>CONCLUSION</u>

The Committee requests that the Court (a) reconsider its Withdrawal Order and (b) refer the Petition to the Bankruptcy Court to issue a report and recommendation.

---

[34] *See In re Enron Corp.*, 05 CIV. 4079 (GBD), 2005 U.S. Dist. LEXIS 9548, at *10 (S.D.N.Y. May 18, 2005) (The Bankruptcy Court has presided over the [] bankruptcy cases for over three years. The Bankruptcy Court is more thoroughly familiar with the Debtors claims and issues in the instant matter and all of the other [debtor]-related cases."); *Extended Stay*, 466 B.R. at 206-07 ("[t]he bankruptcy court has been administering the [] bankruptcy for over two years. Judicial economy would be promoted by allowing the bankruptcy court, already familiar with the extensive record in this case, to initially adjudicate these cases"); *In re Wedtech Corp.*, 94 B.R. 293, 296 (S.D.N.Y.1988) (withdrawing reference "would defy logic, and be a gratuitous and unnecessary waste of judicial resources").

[35] [Bankr. Docket No. 2062] at 30 (order stating that New York law applies more lax pleading standard than federal).

Dated:  August 17, 2023                     Respectfully submitted,

                                     */s/ Kenneth H. Brown*
                                     James I. Stang, Esq. (*pro hac vice* forthcoming)
                                     Kenneth H. Brown, Esq. (admitted *pro hac vice*)
                                     Karen B. Dine, Esq.
                                     Brittany M. Michael, Esq.
                                     Hayley R. Winograd, Esq.
                                     PACHULSKI STANG ZIEHL & JONES LLP
                                     780 Third Avenue, 34th Floor
                                     New York, New York 10017
                                     Telephone: (212) 561-7700
                                     Facsimile: (212) 561-7777
                                     Email: jstang@pszjlaw.com
                                                   kbrown@psjzlaw.com
                                                   kdine@pszjlaw.com
                                                   bmichael@pszjlaw.com
                                                   hwinograd@pszjlaw.com

                                     *Counsel for the Official Committee of Unsecured*
                                     *Creditors of The Roman Catholic Diocese of*
                                     *Rockville Centre, New York*