UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
:
:
:      23 Civ. 5751 (LGS)
IN RE THE ROMAN CATHOLIC DIOCESE OF :
ROCKVILLE CENTRE, NEW YORK          :      **OPINION AND ORDER**
:
:
:
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 5, 2023, the Roman Catholic Diocese of Rockville Centre, NY (the "Debtor") initiated this action by filing a Petition to transfer to this Court 224 state court actions seeking relief against non-Debtor parties, primarily parishes, schools and other organizations affiliated with, but legally distinct from, the Debtor. Those state court actions, alleging personal injury, are brought pursuant to New York's Child Victims Act, which temporarily lifted the statute of limitations on claims by victims of childhood sexual abuse. Because of the bankruptcy action pending against the Debtor in the Bankruptcy Court for the Southern District of New York, the Petition was automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and this Court's Standing Order of Reference. The Debtor immediately filed a letter motion, *ex parte*, stating that the automatic reference was in error and requesting that the case be reopened. That motion was granted on July 13, 2023, for "substantially the reasons stated by [the Debtor]" in its letter motion. The Official Committee of Unsecured Creditors in the bankruptcy action (the "Committee") now moves for reconsideration of the July 13, 2023, Order withdrawing reference of the Petition to the Bankruptcy Court. The Debtor opposes the motion.[1]

---

[1] Per a joint letter submitted by the parties on January 18, 2024, eleven district courts from the Eastern District of New York, as well as the bankruptcy court for the Southern District, have remanded at least one Child Victims Act action against a non-Debtor party to state court.

WHEREAS, normally, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[2]  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y. Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within the "sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2.

WHEREAS, the Debtor's argument that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," while correct as a matter of law, does not support a summary denial of reconsideration here, given the procedural history.  As the Committee did not have an opportunity to respond to the Debtor's letter motion, the usual admonition that reconsideration "be employed sparingly" is ill-

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

2

suited to the circumstances.  On the contrary, due process requires "the right to notice and a fair opportunity to be heard," neither of which the Committee was afforded on the Debtor's letter motion.  *See Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020).  Accordingly, the present motion is evaluated as though it were a matter of first impression.

WHEREAS, 28 U.S.C. § 157(a) states that a district court "may provide that any or all cases under title 11 [the bankruptcy code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  In this district, all proceedings arising under Title 11 are automatically referred to the bankruptcy court.  The Standing Order of Reference states, "If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall . . . hear the proceeding and submit proposed findings of fact and conclusions of law to the district court."  *See* Amended Standing Order of Reference, M10-468 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).  This language consistently has been interpreted to mean that a matter not otherwise suitable for final disposition by the bankruptcy court may be referred to that court for a Report and Recommendation, subject to *de novo* review by the district court.  *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 20 Civ. 4767, 2023 WL 6122905, at *10 (S.D.N.Y. Sept. 18, 2023); *AJ Ruiz Consultoria Empresarial S.A. v. Banco Bilbao Vizcaya Argentaria, S.A.*, No. 22 Civ. 521, 2022 WL 1831171, at *3 (S.D.N.Y. June 3, 2022).

WHEREAS, the district court's power to withdraw the reference is governed by 28 U.S.C. § 157, which provides standards for mandatory and permissive withdrawal.  The district court must withdraw the reference when, on timely motion of a party, the court "determines that

3

resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Petition does not implicate non-Title 11 laws or activities affecting interstate commerce, and neither party argues that the referral is subject to the mandatory withdrawal provision.

WHEREAS, with respect to permissive withdrawal, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  The statute does not define "cause," but in determining whether cause exists, several factors should be considered: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *accord Sec. Inv. Prot. Corp.*, 2023 WL 6122905, at *2.  The Debtor, as the moving party, must show cause why withdrawal is appropriate.

WHEREAS, the Bankruptcy Court is extremely familiar with the underlying case and has a better vantage point from which to evaluate, in the first instance, the merits of transferring the state court cases against the Debtor.  Referral to the Bankruptcy Court will serve the interests of efficiency and uniformity in the administration of bankruptcy law, as the Petition presents the relatively novel question of whether 28 U.S.C. § 157(b)(5) may be used to remove state court cases in which the defendants are not debtors in the bankruptcy action.  Contrary to the Debtor's argument that there are no "complex issues of bankruptcy law" implicated here, the Petition advances a theory of § 157(b)(5) -- a venue provision specific to bankruptcy law -- that is uncharted, with no precedent that is distinctly on-point.  More importantly, the Bankruptcy Court will be able to make a recommendation on the Petition with the benefit of having adjudicated a

number of related motions.  *See, e.g.*, *In re Roman Cath. Diocese of Rockville Ctr., N.Y.*, 651 B.R. 622 (Bankr. S.D.N.Y. 2023) (holding that the state-court actions against non-Debtor parties did not fall within the scope of the automatic bankruptcy stay).  These prior rulings may bear on the disposition of the Petition.  The Bankruptcy Court is accordingly well positioned to make a recommendation on the Petition.

WHEREAS, the cases the Debtor points to in support of its position that the withdrawal was mandatory are inapposite since the parties agree that mandatory withdrawal does not apply.  For example, in *McCorkle v. Herold*, No. 18 Misc. 4, 2018 WL 2470731 (W.D. Va. May 31, 2018), a personal injury action against a debtor was referred to the bankruptcy court where the debtor's bankruptcy action was pending.  The district court withdrew the reference, holding that such withdraw was mandatory because 28 U.S.C. § 157(b)(5) states that "personal injury tort and wrongful death claims shall be tried *in the district court* in which the bankruptcy case is pending." (emphasis added).  But in *McCorkle*, unlike here, there was no question that the personal injury action was properly subject to § 157(b)(5).  The court there merely held that, once a transfer is effectuated pursuant to § 157(b)(5), it is the district court, not the bankruptcy court, that is charged with trying the personal injury claim.  Here, the threshold question is whether § 157(b)(5) can be used at all to transfer from state court the personal injury actions pending against non-Debtor parties.  *McCorkle* does not address this question (and in any event, as a district court case, is not binding).  It is hereby

**ORDERED** that the Committee's motion for reconsideration is **GRANTED.**  The July 13, 2023, Order withdrawing the reference is stricken, and this matter is referred to the Bankruptcy Court for a Report and Recommendation on the Debtor's Petition.  The parties shall

file a joint letter, not to exceed three pages, updating the Court on the status of the bankruptcy proceeding by **April 12, 2024**, and every 60 days thereafter.

      The Clerk of Court is respectfully directed to close the motion at Dkt. No. 32.

Dated:  March 13, 2024
         New York, New York

                                      **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**